IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, | : | No. 4:15-cv-01739 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | (Judge Brann) |
| | : | |
| CHAD W. PRESTON AND CHRISTINA N. JAMES, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**

November 5, 2015

This case involves a real property dispute between a bank and two Pennsylvania landowners over a parcel of land situated on Hillcrest Lane in rural Osceola Township, Tioga County, Pennsylvania. Because the Defendants, husband and wife Chad W. Preston and Christina N. James, have failed to demonstrate that their dispute belongs in federal court, Plaintiff Federal National Mortgage Association's Motion to Remand the case to the Court of Common Pleas of Tioga County is granted.

**I. BACKGROUND**

On July 21, 2015, Plaintiff filed a residential mortgage foreclosure Complaint against Defendants in the Court of Common Pleas of Tioga County,

Pennsylvania.[1] That state foreclosure Complaint sought in rem judgment in the form of Defendants' property, a residence located at 97 Hillcrest Lane, Osceola Township, Tioga County, Pennsylvania, which serves as the home of Defendants and their three minor children.[2] Plaintiff served its state foreclosure Complaint on August 7, 2015 using officers from the Tioga County Sheriff's Department.[3]

Twenty-eight days later, Defendants filed a Notice of Removal on September 4, 2015 pursuant to 28 U.S.C. §§ 1441 and 1446.[4] In their brief, Defendants claim that their own Notice of Removal was "in-artfully drafted."[5] A key term of that Notice is paragraph four, which states:

> 4.  This Court has Jurisdiction over this proceeding in that the Plaintiff is a United States Corporation having its principal place of business in the District of Columbia, Defendants are residents of the Commonwealth of Pennsylvania, and the amount in controversy, representing both the value of the real estate for which the Plaintiff is seeking an in rem Judgment of Foreclosure, as well as the claims of the Defendants, exceed $75,000.00. 28 U.S.C. § 1332.[6]

Plaintiff responded by filing a Motion to Remand the proceeding back to the Court of Common Pleas of Tioga County.[7] In its brief, Plaintiff argues that the case ought to be remanded because removal would violate 28 U.S.C. § 1441(b)(2)'s

---

[1] ECF No. 7 at 1.
[2] Id. at 1–2.
[3] Id. at 1.
[4] Id.
[5] Id. at 7.
[6] ECF No. 1 at 2.
[7] ECF No. 3.

"forum defendant" rule since Defendants are both Pennsylvania citizens.[8]

Eleven days after filing their Notice of Removal, Defendants filed a

Complaint against Plaintiff in federal court.[9] Defendants' Complaint alleges

violations of both state and federal law, including the Real Estate Settlement

Procedures Act, 12 U.S.C. § 2605; the Fair Debt Collection Practices Act, 15

U.S.C. § 1692; the Pennsylvania Unfair Trade Practices Act and Consumer

Protection Law, 73 P.S. § 201-2; Pennsylvania Act 6 of 1974, 41 P.S. § 101-605;

the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.3; state

contract law; and state negligence law.[10]

## II. LAW

"[T]he party asserting federal jurisdiction in a removal case bears the burden

of showing, at all stages of the litigation, that the case is properly before the federal

court,"[11] and "any doubt about the right of removal requires resolution in favor of

remand."[12] "It remains the defendant's burden to show the existence and

continuance of federal jurisdiction."[13]

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of

---

[8]  ECF No. 4 at 1.
[9]  That case is docketed at 4:15-cv-01803 and is also assigned to me in the Williamsport Division
    of the Middle District of Pennsylvania. ECF No. 1.
[10]  ECF No. 7 at 7.
[11]  Federico v. Home Depot, 507 F.3d 188, 193 (3d Cir.2007) (Aldisert, J.)
[12]  Moore–Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir.2009)
[13]  Steel Valley Auth. v. Union Switch & Signal Div., Am. Standard, Inc., 809 F.2d 1006, 1010
    (3d Cir.1987).

which the district courts of the United States have original jurisdiction, may be

removed by the defendant or defendants." The two primary types of "original

jurisdiction" that §1441(a) contemplates are diversity jurisdiction and federal

question jurisdiction.

With regard to diversity jurisdiction, 28 U.S.C. § 1441(b)(2)—known

informally as the "forum defendant" bar to removal jurisdiction—provides that

"[a] civil action otherwise removable solely on the basis of [diversity jurisdiction]

may not be removed if any of the parties in interest properly joined and served as

defendants is a citizen of the State in which such action is brought." Thus, the

forum defendant rule precludes removal based on diversity where a defendant is a

citizen of the the state in which the plaintiff originally filed the case.[14] Moreover,

"federal removal jurisdiction . . . is determined (and must exist) as of the time the

complaint is filed and removal is effected."[15]

With regard to federal question jurisdiction, the Supreme Court of the

United States "has repeatedly held that, in order for a claim to arise 'under the

Constitution, laws, or treaties of the United States,' a right or immunity created by

the Constitution or laws of the United States must be an element, and an essential

---

[14] Sullivan v. Novartis Pharm. Corp., 575 F. Supp. 2d 640, 642 (D.N.J. 2008) (citing Blackburn v. United Parcel Service, Inc., 179 F.3d 81 (3d Cir.1999)).

[15] Strotek Corp. v. Air Transp. Ass'n. of Am., 300 F.3d 1129, 1131 (9th Cir. 2002).

one, of the plaintiff's cause of action."[16] As such, "federal jurisdiction exists only

when a federal question is presented on the face of the plaintiff's properly pleaded

complaint."[17] "The rule makes the plaintiff the master of the claim; he or she may

avoid federal jurisdiction by exclusive reliance on state law."[18] "Federal

jurisdiction cannot be predicated on an actual or anticipated defense: It is not

enough that the plaintiff alleges some anticipated defense to his cause of action and

asserts that the defense is invalidated by some provision of [federal law]."[19] "Nor

can federal jurisdiction rest upon an actual or anticipated counterclaim."[20]

## III. ANALYSIS

### A. Plaintiff's Motion to Remand is granted.

There is little question that this state-centric foreclosure action does not

belong in federal court. First, Plaintiff correctly points out that removal from

Pennsylvania state court by two Pennsylvania defendants runs afoul of 28 U.S.C.

§ 1441(b)(2)'s "forum defendant" rule. 28 U.S.C. § 1441(b)(2) states:

> A civil action otherwise removable solely on the basis of the
> jurisdiction under section 1332(a) of this title may not be removed if
> any of the parties in interest properly joined and served as defendants
> is a citizen of the State in which such action is brought.

As written, the forum defendant rule applies to all civil actions "removable solely

---

[16] Phillips Petroleum Co. v. Texaco, Inc., 415 U.S. 125, 127 (1974) (internal citation omitted).
[17] Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).
[18] Id.
[19] Vaden v. Discover Bank, 556 U.S. 49, 60 (2009) (internal citation omitted).
[20] Id.

on the basis of the jurisdiction under section 1332(a)."[21] Section 1332(a) grants federal courts original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . between citizens of different states."[22]

There is no dispute that Defendants here are both Pennsylvania citizens. Accordingly, if Defendants' claims were removable solely on the basis of diversity jurisdiction, then removal would unquestionably violate the forum defendant rule. The Court must therefore determine whether there is any alternative basis for jurisdiction other than diversity—namely, whether Defendant's claims adequately invoke federal question jurisdiction.[23] It is evident that they do not.

As a threshold matter, Defendants' own Notice of Removal appeals only to diversity jurisdiction. In that Notice, Defendants devote one paragraph to establishing this Court's original jurisdiction over their claims, and according to their own arguments, the sole potential jurisdictional ground is diversity. That paragraph reads as follows:

> 4.  This Court has Jurisdiction over this proceeding in that the Plaintiff is a United States Corporation having its principal place of business in the District of Columbia, Defendants are residents of the Commonwealth of Pennsylvania, and the amount in controversy, representing both the value of the real estate for which the Plaintiff is

---

[21] Id.
[22] 28 U.S.C. § 1332(a)(1).
[23] Defendants' claims do not properly invoke 28 U.S.C. § 1367's notion of supplemental jurisdiction because there is no pre-existing claim in this case over which the federal court already has original jurisdiction.

seeking an in rem Judgment of Foreclosure, as well as the claims of the Defendants, exceed $75,000.00. 28 U.S.C. § 1332.[24]

Defendants clearly cite to and rely only upon 28 U.S.C. § 1332, a federal court's statutory basis for diversity jurisdiction. They do not cite to 28 U.S.C § 1331, the parallel statute granting federal courts original jurisdiction over federal questions. Nor is the reasoning in Paragraph 4 in any way meant to demonstrate a cause of action "arising under the Constitution, laws, or treaties of the United States."[25] Rather, its sole appeal to original federal jurisdiction is that the parties are citizens of diverse states and the claims at issue exceed the $75,000 statutory minimum—the two hallmark features of diversity jurisdiction.

The clear text of the Notice of Removal reveals that Defendants' sole reason for mentioning its claims was to ensure that the amount in controversy surpassed the $75,000 statutory minimum required to achieve diversity jurisdiction. Yet, in a do-or-die fashion, Defendants contend that removal is appropriate because jurisdiction is not based "solely upon" diversity jurisdiction.[26] This is the case, they contend, because "[t]he subject Notice of Removal, while albeit in-artfully drafted, refers to diversity of Citizenship, as well as the claims of the Defendants."[27]

Although Paragraph 4 refers to "the claims of the Defendants," it very apparently does so only to aggregate "the claims of the Defendants" with

---

[24]  ECF No. 1 at 2.
[25] 28 U.S.C. § 1331.
[26] ECF No. 7 at 7.
[27] Id.

Plaintiff's "in rem Judgment" so as to ensure that the amount in controversy surpasses the $75,000 statutory minimum. It does not refer to "the claims of the Defendants" in any way that would suggest those claims give rise to federal question jurisdiction. In fact, as the Court will later explain, those claims cannot give rise to federal question jurisdiction because they are the claims "of the Defendants" and not "of the Plaintiff." Needless to say, this Court is not taken in by Defendants' attempted linguistic contortion, a verbal sleight of hand that I perceive as straining credulity at best but potentially disingenuous at worst.

Moreover, Defendants did not even file their federal claims until after they had filed their Notice of Removal. That sequence alone calls into question any contention that the attempted removal could be based on those claims—claims, which at that the time of the removal, were admittedly non-existent. Defendants suggest that "because of the 30 day requirement for the Notice of Removal, the related proceeding was unable to be filed at the time of the Notice of Removal as the Complaint was not yet completed."[28] The Court is unmoved by that justification.

Further, even if the Notice of Removal appealed to federal question jurisdiction and even if those federally based claims had existed at that time, those factors would not change the outcome at all, because those hypothetical claims

---

[28] ECF No. 7 at 8.

would not have been made by the Plaintiff. It is well established that the plaintiff is "the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."[29] Necessarily, this means that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."[30] Consequently, "[f]ederal jurisdiction cannot be predicated on an actual or anticipated defense: It is not enough that the plaintiff alleges some anticipated defense to his cause of action and asserts that the defense is invalidated by some provision of [federal law]."[31] "Nor can federal jurisdiction rest upon an actual or anticipated counterclaim."[32]

There are two sets of claims at issue here: first, the state foreclosure claim brought by Plaintiff against Defendants in state court; and second, the state and federal claims brought by Defendants against Plaintiff in a separate federal action. Procedurally, these are two entirely distinct actions. Defendants can use their own federal claims to bring their own case to federal court, but Defendants cannot use their subsequently pleaded federal claims to jettison Plaintiff's initial action from state to federal court.[33]

---

[29] Williams, 482 U.S. at 392.
[30] Id.
[31] Vaden, 556 U.S. at 60.
[32] Id.
[33] Defendants contend that their claims could not properly be raised as counterclaims under Pennsylvania law. ECF No. 7 at 9 n.2. Even accepting that proposition as true, it is nonetheless irrelevant, as Defendants federal counterclaims would still be insufficient to grant original jurisdiction under the "well-pleaded complaint" rule.

**B. Plaintiff is awarded just costs and actual expenses.**

This is not the first time in this District that a foreclosure defendant has sought to remove a foreclosure action from Pennsylvania state court by bootstrapping federal counterclaims onto the underlying action. In fact, this is not even the first time that a foreclosure defendant has made the same unavailing argument and has subsequently been ordered to pay just costs and fees. This is not a novel issue, and conducting basic legal research before removing an action in violation of the forum defendant rule would have saved Defendants, this Court, and the public valuable time and resources. Unfortunately, Defendants chose to proceed otherwise.[34]

First, in <u>Estates at Great Bear Cmty. Ass'n v. Yun</u>,[35] then Chief Judge Yvette Kane, writing for this Court, addressed a motion to remand that stemmed from a foreclosure complaint filed in the Court of Common Pleas of Monroe County, Pennsylvania.[36] Thereafter, the defendant "attempt[ed] to set forth a number of counterclaims for violations of federal laws" and "filed a notice of removal."[37] Chief Judge Kane described the defendant's arguments in <u>Yun</u> as

---

[34] Defendants cite to "<u>Mortgage Electronic Registration Systems, Inc. [v.] Alicea</u>, No. 05-2165, 2006 WL 1149326 (M.D. Pa 2006)." ECF No. 7 at 9 n.2. There are two problems with that citation, however. First, as a matter of procedure, <u>Alicea</u> did not involve the forum defendant rule or removal proceedings. Second, as a matter of practice, "2006 WL 1149326" is the wrong citation.

[35] No. 1:11:-CV-02311, 2012 WL 2050431 (M.D. Pa. June 7, 2012).

[36] <u>Id.</u> at *1.

[37] <u>Id.</u> at *1–2.

"without merit."[38] There was no doubt as to the applicable law: "federal

jurisdiction 'is determined (and must exist) as of the time the complaint is filed and

removal is effected,' and cannot 'rest upon an actual or anticipated

counterclaim.'"[39] Based on this analysis, Chief Judge Kane explained that "the

Court will remand this action to the Court of Common Pleas of Monroe County."[40]

Furthermore, in <u>PNC Bank v. Millaway</u>,[41]Judge John P. Fullam, writing for

the United States District Court for the Eastern District of Pennsylvania, remanded

an identical action in a succinct two-paragraph decision. That decision read:

> This mortgage foreclosure action was originally filed in the Court of Common Pleas of Montgomery County. Defendants removed to this Court, alleging diversity of citizenship. Defendants are citizens of Pennsylvania, but so is plaintiff PNC Bank, which has its principal place of business in this Commonwealth. <u>See</u> 28 U.S.C. §1348.

> Defendants have asserted a counterclaim under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 <u>et seq.</u>, but no federal claim is asserted in plaintiff's complaint. Removal was improper, since this Court lacks subject matter jurisdiction. Plaintiff's motion to remand will be granted.[42]

Lastly, in <u>Fosnocht v. Demko</u>,[43] Judge Cynthia M. Rufe, also writing for the

United States District Court for the Eastern District of Pennsylvania, granted a

motion to remand where "[d]efendants invoke[d] federal question jurisdiction

---

[38] <u>Id.</u> at *1.
[39] <u>Id.</u> at *2 (internal citations omitted).
[40] <u>Id.</u>
[41] No. CIV.A. 96-6897, 1996 WL 684245 (E.D. Pa. Nov. 21, 1996).
[42] <u>Id.</u> at *1.
[43] 438 F. Supp. 2d 561, 563 (E.D. Pa. 2006).

arising from their counterclaim as the sole basis for removal."[44] Judge Rufe explained that:

> Removal based on federal question jurisdiction is governed by the "well-pleaded complaint" rule, whereby jurisdiction exists only "where an issue of federal law appears on the face of the complaint." Accordingly, "a counterclaim-which appears as part of the defendant's answer, not as part of the plaintiff's complaint-cannot serve as the basis for 'arising under' jurisdiction." "[A] defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case 'arises under' federal law." Therefore, Defendants' removal based on their counterclaim was improper.[45]

Judge Rufe further observed that "well-settled law govern[ed] this issue"[46] before proceeding to examine plaintiffs' request for attorney's fees and costs incidental to the remand request.[47] The court noted that "[t]he Third Circuit has approved the exercise of this discretion to award fees where the substantive basis for the removal petition was frivolous or insubstantial, or where the removing party acted in bad faith, though these factors are not essential."[48] The Fosnocht court ultimately awarded fees and costs, cautioning that "[e]ven a cursory examination of the rules governing removal and federal question jurisdiction would have revealed that the instant suit does not qualify for either."[49]

Having reviewed this record of straightforward legal outcomes in

---

[44] Id. at 563.
[45] Id. at 563–64 (internal citations omitted).
[46] Id. at 564.
[47] Id. at 565.
[48] Id. (citing Mints v. Educ. Testing Serv., 99 F.3d 1253, 1260 (3d Cir.1996)).
[49] Id.

Pennsylvania federal courts on the very same issue presented by Defendants here, the Court is satisfied that an award of fees and costs is proper, as Defendants had no substantive legal basis for removal. Under 28 U.S.C. § 1447(c), the same statutory provision relied upon in <u>Fosnocht</u>, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Plaintiff is hereby awarded attorney's fees incidental to this remand motion, a sum that totals $787.50.[50]

Ultimately, Defendants suggest that "judicial economy can be a basis for a District Court retaining jurisdiction" even if there is no independent jurisdictional source from which to draw.[51] In this matter, the Constitution's core principle of federalism commands otherwise. As we have already recognized, "such considerations are insufficient to overcome the statutory mandates for removal set forth by Congress."[52] According to that same decision:

> [C]haracterization of [a] defect . . . as a mere "technical" flaw that can be swept away like so much dust seriously misunderstands the conditions under which the formidable power of the federal judiciary can—and should—be invoked. As we have tried to make clear, the principle of federalism is not, as some now see it, a quixotic anachronism that can be ignored whenever it poses an obstacle to achieving a result that a disgruntled litigant or even a federal judge deems desirable.[53]

---

[50] <u>See</u> ECF No. 4 at 4 (calculating total fees as $175/hour x 4.5 hours).
[51] ECF No. 7 at 8.
[52] <u>The Knit With v. Aurora Yarns</u>, No. CIV.A. 09-5981, 2010 WL 844739, at *11 (E.D. Pa. Mar. 11, 2010).
[53] <u>Id.</u> (citing <u>Fellhauer v. City of Geneva</u>, 673 F.Supp. 1445, 1449–50 (N.D.Ill.1987)).

13

## IV. CONCLUSION

By constitutional design, Federal Courts are institutions granted vast authority but limited jurisdiction. Consequently, as the Honorable Robert H. Bork of the United States Court of Appeals for the District of Columbia Circuit once cautioned, "[q]uestions of jurisdiction are questions of power."[54] Because Defendants have failed to establish that Plaintiff's Complaint properly invokes that narrow jurisdiction, the instant foreclosure action is properly remanded to its home forum. Relatedly, due to the extent to which this exact issue has previously been litigated in federal court in Pennsylvania in clear favor of Plaintiff's position, Plaintiff is awarded fees and costs incident to its Motion to Remand.

An appropriate Order follows.

BY THE COURT:


/s Matthew W. Brann
Matthew W. Brann
United States District Judge

---

[54] Barnes v. Kline, 759 F.2d 21, 43 (D.C. Cir. 1984) (Bork, J., dissenting).